UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

JAMIE LYNN NICOLAI,

    Plaintiff,

v.

Case No. 21-cv-414-pp

STATE OF WISCONSIN,
DCF DEPARTMENT OF CHILDREN AND FAMILIES,
and CPS—CHILDREN'S HOSPITAL,

    Defendants.

**ORDER ADOPTING IN PART RECOMMENDATION (DKT. NO. 5) AND ALLOWING PLAINTIFF TO FILE AN AMENDED COMPLAINT**

The plaintiff, who is representing herself without the assistance of a lawyer, filed a complaint on April 1, 2021, after the defendants removed her children from her custody and allegedly refused to return them to her custody after she was released from prison. Dkt. No. 1. Magistrate Judge Nancy Joseph granted the plaintiff's motion for leave to proceed without prepaying the filing fee, screened the complaint and issued a recommendation that this court dismiss the complaint for lack of subject matter jurisdiction and/or failure to state a claim. Dkt. No. 5. Fifteen days after Judge Joseph issued the recommendation, the plaintiff filed her objection to the recommendation. Dkt. No. 8.

1

**I.     Standard of Review**

If a party properly objects to any portion of the recommendation, the court must review those portions *de novo*. Fed. R. Civ. P. 72(b). Otherwise, the court reviews the recommendation for clear error. Fed. R. Civ. P. 72(a); see Johnson v. Zema Sys. Corp., 170 F.3d 734, 739 (7th Cir. 1999).

The recommendation explained to the plaintiff that she had fourteen days to file a written objection from the date of service of the recommendation or order. The court received the plaintiff's written objection on May 7, 2021, the fifteenth day after Judge Joseph's recommendation was docketed—arguably within fourteen days from the date of service. The court will review the objection under the *de novo* standard of review.

**II.    Complaint (Dkt. No. 1)**

In her complaint, the plaintiff named the "State of Wisconsin, DCF—Department of Children and Families and CPS—Children's Hospital." Dkt. No. 1. Her statement of claim consists of the following paragraph:

> Letter of injustice and grievance to the U.S. Supreme Court district 1: Let it be known to all that I, Jamie Lynn Nicolai, explicitly reserves all my rights pursuant to UCC 1-308 (which was formerly UCC 1-207) Further let all be advised that all actions commenced against me may be in violation of USC TITLE 18 > PART 1 > CHAPTER 13 > 242 Deprivation of rights under the color of law USC TITLE 18 > PART 1 > CHAPTER 13 > 241 Conspiracy against rights (against family members) wherefore all have been given proper and sufficient legal notice and 4 pages of documentation as notice and notification of reservation of rights UCC 1-308/1-207 as a public communication to all including successors and assigns was certified mailed on 3/5/2021. Certified mail receipt was mailed USPS as follows: WI Attorney General Josh Kohl 70200640000040564291, WI Governor Tony Evers 70200640000040564284, District Attorney VP Philips Children's Court 70200640000040564277, CPS

Children's Hospital 70200640000040564260, DCF Department of Children and Families 70200640000040564256.

Dkt. No. 1 at 3. The plaintiff seeks $100 million dollars "working in arbitrary law against chapter 48 child and family law." Id.

The plaintiff attached a five-page document to her complaint, which includes her affidavit and copies of her certified mail receipts. Dkt. No. 1-1. The affidavit, written in both the first person and third person, indicates that the plaintiff is alleging that her children were taken from her during an illegal search and seizure, because their mother—the plaintiff—had "open criminal cases." Dkt. No. 1-1 at 2, 3. The plaintiff says that the judge, Judge Grady, was aware of that her children were taken, but removed herself because of "judicial misconduct." Id. According to the plaintiff, the defendants attempted to prove that she was "non-compos mentis" but she has no mental or emotional health issues and "has not been found incapable of representation of [herself] or [her] children's rights." Id. She asserts that, in the past, her counsel has not represented her rights or filed motions and she does not want to be represented by the public defender. Id. The plaintiff claims she is a few credits shy of a master's degree from Mount Mary University. Id.

The plaintiff feels the whole process "has been fraud." Id. While she acknowledges receiving an apology from ADA William Pipp, she says that one apology won't "cut it." Id. She wants the "Walls children placed with their biological family." Id. The plaintiff takes issue with the visitations allowed under the order and CPS's refusal to clear her residence for unsupervised visits. Id. She adds that even though the children's father is no longer

incarcerated, works full-time and completed the parenting, anger, drug and behavior modification classes, he has been denied visits. Id. at 3. The plaintiff insists the children want to be reunited with all the family members and that the defendants' actions are both illegal and cruel. Id.

The plaintiff remained incarcerated until February 9, 2021. Id. According to the plaintiff, the custody proceedings had ten justices, removed the children outside of the limits of the law and involved threats of bail jumping. Id.

Finally, the plaintiff has safety concerns regarding the children's current placement. Id. at 4. She says the children have medical issues that are not being addressed and that the foster parent(s) are not taking one of the children to see a therapist. Id. The social worker at Children's Hospital, who is not named as a defendant, has not responded to the plaintiff. Id. The plaintiff says that CPS shows up to meetings with false documentation. Id. She alleges that TPR and CPS involvement should be sealed, records removed, and the children returned to their family. Id.

The certified mail receipts indicate that the plaintiff sent something to the DCF Client Rights Specialist, the Attorney General, CPS Children's Hospital (Jamie Wertz) and Governor Evers on March 5, 2021. Id. at 5. The plaintiff filed this case on April 1, 2021. Dkt. No. 1.

### III.  Recommendation (Dkt. No. 7)

Judge Joseph first explained that the sections of the code cited by the plaintiff, 18 U.S.C. §§241 and 242, do not afford a private right of action. Dkt.

No. 5 at 3. She therefore construed the complaint as having been brought under 42 U.S.C. §1983. Id. at 4.

Next, Judge Joseph focused on the three defendants that the plaintiff had sued: (1) the State of Wisconsin; (2) the DCF-Department of Children and Families; and (3) CPS-Children's Hospital. As Judge Joseph explained, neither the State of Wisconsin nor the Department of Children and Families are suable entities under §1983. Id. at 4 (citing Thomas v. Illinois, 697 F.3d 612, 613 (7th Cir. 2012); Bradley v. Wis. Dep't of Child & Fams., 528 F. App'x 680, 681 (7th Cir. 2013)).

Turning to the remaining defendant, Judge Joseph acknowledged that CPS-Children's Hospital appeared to be a "private partner agency providing ongoing case management, foster parent licensing and intensive in-home services to the Department of Children and Families' Child Protective Services unit." Id. at 4. Judge Joseph explained that, while the plaintiff alleges that CPS-Children's Hospital made up false allegations and provided false testimony, the plaintiff had not alleged that this defendant prevented her from accessing the courts or challenging the termination of rights. Id. at 5.

To the extent the plaintiff was challenging the judgment of the state court in her family court proceedings, Judge Joseph explained that the Rooker Feldman doctrine prevents the district court from reviewing a state court judgment Id. She explained that the plaintiff must appeal through the state courts with the option of seeking *certiorari* review from the United States

Supreme Court. Id. at 6. Judge Joseph therefore recommended that this court dismiss the case.

**IV.　Objection (Dkt. No. 8)**

The plaintiff filed an objection citing Article III of the Constitution and the Fourteenth Amendment. Dkt. No. 8 at 1. She also cited Civil Local Rule 72(c) (E.D. Wis.). Id. at 2. There is no *Civil* L.R. 72(c), but *General* L.R. 72(c) explains that objections to a determination by the magistrate judge are governed by Federal Rule of Civil Procedure 72. In any event, the following paragraph seems to best summarize the basis for the plaintiff's objection:

> The State of Wisconsin is violating my rights and those of my family members by allowing unlawful procedure to be assured upon me **outside the color of law**. The courts have been proceeding in **Arbitrary Law outside of Civil Law procedure and Children and Families Chapter 48**. The violations have been in retaining and kidnapping my children from their family members without cause. There has been fraud submitted in the civil procedure. The motions for sanctions against this institution are being ignored. There has been unnecessary pain and suffering by the State of Wisconsin not righting this wrong. That is occurring and **without due process of law as this is not a criminal case**.

Dkt. No. 8 at 1-2.

**V.　Analysis**

The plaintiff's objection does not address the problems Judge Joseph identified in the complaint. It reiterates the allegations against the State of Wisconsin that the plaintiff made in her complaint. The plaintiff cannot sue the State of Wisconsin. The Eleventh Amendment of the United States Constitution prohibits federal courts from hearing cases where the plaintiff seeks money damages against a state without the state's consent. Quern v. Jordan, 440 U.S.

6

332, 337 (1979). The State of Wisconsin has not consented to be sued. Similarly, the Department of Children and Family Services, an agency of the State of Wisconsin, is immune from suit under the Eleventh Amendment. See Sanders v. Ind. Dep't of Child Servs., 806 F. App'x 478, 480 (7th Cir. 2020) (citing Will v. Dep't of State Police, 491 U.S. 58, 70-71 (1989); Kolton v. Frerichs, 869 F.3d 532, 535 (7th Cir. 2017)).

The remaining defendant, CPS–Children's Hospital, is listed on the website for Milwaukee County Child Protective Services under the heading "Private Partner Agencies." www.dcf.wisconsin.gov/mcps/contacts (last visited July 14, 2021). Section 1983 authorizes suits against every "person" who, under color of law, deprives another person of a right secured by the Constitution or federal statute. 42 U.S.C. §1983. "[M]ost defendants under § 1983 are public employees, but private companies and their employees can also act under color of state law and thus can be sued under § 1983." Shields v. Ill. Dep't of Corr., 746 F.3d 782, 789 (7th Cir. 2014) (citations omitted). Private action can become state action when (1) private actors conspire or are jointly engaged with state actors to deprive a person of constitutional rights; (2) the state compels the discriminatory action; (3) the state controls a nominally private entity; (4) the state is entwined with the private entity's management or control; (5) the state delegates a public function to a private entity or there is such a close nexus between the state and the challenged action that seemingly private behavior reasonably may be treated as that of the state itself. Hallinan

v. Fraternal Order of Police of Chi. Lodge No. 7, 570 F.3d 811, 815-16 (7th Cir. 2009).

Neither Milwaukee County Protective Services nor Children's Hospital is a "person acting under color of law." While CPS-Children's Hospital may have been acting under the direction of Milwaukee County Protective Services, the only specific allegations about CPS—Children's Hospital appear on page three of the plaintiff's affidavit. The plaintiff alleges that CPS—Children's Hospital has refused to clear her residence, that the family has tried to meet CPS's demands and that CPS—Children's Hospital "removed and re-removed the children" because the mother had open criminal cases and CPS—Children's Hospital made up false allegations in the court proceeding. Dkt. No. 1-1 at 3.

The plaintiff has a due process right, under Fourteenth Amendment, to parent her biological children. See Lassiter v. Dep't of Soc. Servs., 452 U.S. 18, 27 (1981). She may be deprived of that right if she is not afforded notice and an opportunity to be heard at a meaningful time in a meaningful way. Id. The termination or a right or removal of a child from a home requires a hearing and an opportunity to participate in that hearing, Ellis v. Hamilton, 669 F.2d 510, 512 (7th Cir. 1982). The plaintiff has alleged that the proceedings involved ten justices, that she was threatened with bail jumping and that the proceedings didn't fall under Chapter 48. She has not alleged, however, that CPS-Children's Hospital of Wisconsin prevented her from participating in the hearings.

The plaintiff makes a reference in the affidavit to "OCM of Children's Hospital Social Worker's and supervisors" who have failed to respond "in mail

8

or a phone back." Dkt. No. 1-1 at 4. She alleges that she has not been receiving notification of care by anyone. Id. Neither of these allegations suggest that any specific employee interfered with her procedural due process rights.

There is, however, another aspect of the due process clause that Judge Joseph did not address. Families have a right to remain together without the coercive interference of the government under the substantive component of the Due Process Clause of the Fourteenth Amendment. Hernandez *ex rel.* Hernandez v. Foster, 657 F.3d 463, 478 (7th Cir. 2011). "[T]he Supreme Court has long recognized as a component of substantive due process the right to familial relations." Brokaw v. Mercer Cty., 235 F.3d 1000, 1018 (7th Cir. 2000). The plaintiff admits in her complaint that she was incarcerated; however, she also talks about manufactured claims regarding her mental health and the continued separation from her children. The court cannot tell from the allegations whether the plaintiff could state a substantive due process claim under the Fourteenth Amendment. For that reason, the court will give the plaintiff an opportunity to amend her complaint. See generally Tate v. SCR Medical Transp., 809 F.3d 343, 346 (7th Cir. 2015) ("We've often said that before dismissing a case under 28 U.S.C. § 1915(e)(2)(B)(ii) a judge should give the litigant, especially a pro se litigant, an opportunity to amend his complaint.")

Judge Joseph explained to the plaintiff that she cannot use this case to overturn a state court judgment. The Rooker-Feldman doctrine precludes federal district courts from adjudicating "cases brought by state-court losers

9

complaining of injuries caused by state-court judgments rendered before the district court proceedings commenced." Exxon Mobil Corp. v. Saudi Basic Indus. Corp., 544 U.S. 280, 284 (2005). Another doctrine directs the district court to abstain from exercising jurisdiction over federal claims that seek to interfere with pending state court proceedings. Younger v. Harris, 401 U.S. 37 (1971). Again, the court cannot determine from the face of the complaint whether either of these doctrines apply.

Finally, it's not clear whether the plaintiff is attempting to assert claims on behalf of her children. At the bottom of page three of her affidavit, the plaintiff said that the "Walls Children want to see their family members in person. The Walls Children want to be reunited with all their family members as is required under Wisconsin Statue. This is illegal and cruel to all family members." Dkt. No. 1-1 at 3. The plaintiff cannot bring claims in federal court on behalf of her children (or anyone else); an attorney would have to file lawsuits on behalf of the children. See Foster v. Bd. of Educ. of City of Chi., 611 F. App'x 874, 877 (7th Cir. 2015) (non-lawyer parent cannot represent her minor child).

The court will allow the plaintiff to amend her complaint to explain how, if at all, CPS-Children's Hospital interfered with her due process right to keep her family together, and to explain whether she is asking this court to overturn a ruling by any state court or to intercede in any state criminal proceeding. The court reminds the plaintiff that the only defendant against whom she might have a claim is CPS-Children's Hospital. She should not name the State of

10

Wisconsin or the Department of Children and Family Services as defendants in the amended complaint.

## VI. Conclusion

The court **ADOPTS IN PART** the recommendation of Judge Joseph and **DISMISSES** the State of Wisconsin and Department of Children and Family Services because the court lacks jurisdiction over these defendants. Dkt. No. 7.

The court **ORDERS** that by the end of the day on **August 20, 2021**, the plaintiff must file an amended complaint clarifying her allegations against "CPS—Children's Hospital." The plaintiff should identify any individual who violated her due process rights, what that defendant or those defendants did to violate her rights, when they did it, where it happened and why they did it (if she knows). If the plaintiff does not file an amended complaint in time for the court to *receive* it by the end of the day on August 20, 2021, the court will dismiss the case without further notice or hearing.

Dated in Milwaukee, Wisconsin this 15th day of July, 2021.

BY THE COURT:

_____
**HON. PAMELA PEPPER**
**Chief United States District Judge**