# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

JAMIE LYNN NICOLAI,

    Plaintiff,

    v.                                          Case No. 21-CV-414

CPS CHILDREN'S HOSPITAL,

    Defendant.

## DECISION AND ORDER ON MOTION TO SET ASIDE DEFAULT AND FOR LEAVE TO FILE A RESPONSIVE PLEADING

On July 28, 2022, the clerk of court entered default against Children's Hospital of Wisconsin, Inc. (improperly named as "CPS–Children's Hospital" and hereinafter "Children's") in favor of Jamie Lynn Nicolai. Children's now appears, moving for an order pursuant to Fed. R. Civ. P. 55(c) to vacate the clerk's entry of default and for leave to file a responsive pleading. (Docket # 20.) Nicolai requests that the court enter a default judgment against Children's. (Docket # 16, 25.) For the reasons further explained below, Children's motion to set aside the default and for leave to file a responsive pleading is granted, and Nicolai's motions for default judgment are denied.

## BACKGROUND

Nicolai's minor children were removed from her custody on June 1, 2017 and re-removed on November 29, 2017. (Docket # 11 at 1–2.) Nicolai asserts that these removals were illegal and without justification. (*Id.*) Following the removals, Nicolai could only have supervised visits with her children and was required to complete parenting classes. (*Id.* at 2.)

1

On April 1, 2021, Nicolai filed a *pro se* complaint alleging that the State of Wisconsin, DCF–Department of Children and Families, and CPS–Children's Hospital violated her rights in removing the children from her custody. (Docket # 1 at 2–3.) I recommended that Nicolai's complaint be dismissed for failure to state a claim and/or for lack of subject matter jurisdiction (Docket # 5), and Judge Pepper adopted my recommendation in part, dismissing the claims against the State of Wisconsin and DCF–Department of Children and Families (Docket # 9). Nicolai filed her amended complaint against Children's on August 9, 2021 alleging violations under 42 U.S.C. § 1983. (Docket # 11.)

Nicolai requested an entry of default on June 23, 2022 based on Children's failure to appear, plead, or otherwise defend. (Docket # 14.) The clerk of court entered default on July 28, 2022. Nicolai moved for the entry of judgment by default pursuant to Fed. R. Civ. P. 55(b) on June 23, 2022 (Docket # 16) and October 24, 2022 (Docket # 25). On September 26, 2022, Children's appeared and moved to vacate the clerk's entry of default and requested leave to file a responsive pleading. (Docket # 20.) In its supporting brief, Children's avers that it was never properly served with the summons or the complaint, that Children's acted promptly to remedy the default, and that Children's has a meritorious defense to Nicolai's amended complaint. (Docket # 21 at 3–5.)

**ANALYSIS**

*1. Motion to Set Aside Default*

A party seeking to vacate an entry of default prior to the entry of final judgment must show: (1) good cause for the default; (2) quick action to correct it; and (3) a meritorious defense to the complaint. Fed. R. Civ. P. 55(c); *Cracco v. Vitran Exp., Inc.*, 559 F.3d 625, 630 (7th Cir. 2009). Both Rule 55(c), which governs motions to set aside defaults, and Rule 60(b),

2

which governs motions to set aside default judgments, are analyzed under this three-part test; however, it is applied more leniently in the context of Rule 55(b). *Cracco*, 559 F.3d at 631. In applying this test, more recent Seventh Circuit precedent has "articulate[d] a policy of favoring trial on the merits over default judgment." *Id.*; *accord Sun v. Bd. of Trs. of Univ. of Ill.*, 473 F.3d 799, 811 (7th Cir. 2007). *But see O'Brien v. R.J. O'Brien & Assocs., Inc.*, 998 F.2d 1394, 1401 (7th Cir. 1993) ("[T]his circuit no longer follows the earlier doctrine disfavoring defaults."). The movant's failure to make any one of these three showings warrants denial of a motion to vacate. *See Pretzel & Stouffer v. Imperial Adjusters, Inc.*, 28 F.3d 42, 46–47 (7th Cir. 1994).

In this case, Children's meets all three criteria for setting aside the default. First, Children's has shown good cause for the default. Children's asserts that it was never properly served with the complaint, as evidenced by the lack of summons issued in this case. (Docket # 21 at 3.) Although Nicolai submitted an affidavit in support of her motion for entry of default swearing that Children's was served with a copy of the summons and complaint (Docket # 16-1), Children's contends that there is no evidence indicating Nicolai served Children's in accordance with Fed. R. Civ. P. 4 or Wis. Stat. § 801.11(5) (Docket # 21 at 3–4). Indeed, there is no evidence of a summons being issued or evidence that Children's received the complaint. Thus, Children's has established good cause.

Second, once Children's learned of the entry of default, it took quick action to correct the error. Children's filed its motion to set aside the default five days after Nicolai filed a document indicating the lawsuit was in default and mailed that document to Children's. (Docket #17, 17-1; Docket # 21 at 5.) As such, Children's establishes that it took quick action to correct the error.

3

Finally, Children's demonstrates that it has a meritorious defense to the amended complaint. A meritorious defense to the complaint is "more than bare legal conclusions, but less than a definitive showing that the defense will prevail." *Parker v. Scheck Mech. Corp.*, 772 F.3d 502, 505 (7th Cir. 2014) (internal citation omitted). Children's avers that Nicolai's amended complaint should be dismissed because the court lacks jurisdiction over Nicolai's claims. (Docket # 21 at 5–8.) As such, Children's has shown that it has a meritorious defense and meets the third criteria to set aside default.

Having met all three criteria as articulated in *Cracco*, Children's motion to set aside the default is granted.

2. *Motion for Leave to File Responsive Pleading*

Children's also requests leave to file a responsive pleading. Under Fed. R. Civ. P. 6(b)(1)(B), the court may extend the time for a party to file its responsive pleading on motion made after the time has expired "if the party failed to act because of excusable neglect." The Supreme Court elaborated that the inquiry under "excusable neglect" is:

> [A]t bottom an equitable one, taking account of all relevant circumstances surrounding the party's omission. These include . . . the danger of prejudice to the [nonmoving party], the length of the delay and its potential impact on judicial proceedings, the reason for the delay, including whether it was within the reasonable control of the movant, and whether the movant acted in good faith.

*Pioneer Inv. Serv.'s, Co. v. Brunswick Assoc.'s Ltd. P'ship.*, 507 U.S. 380, 395 (1993). "Although inadvertence, ignorance of the rules, or mistakes construing the rules do not unusually constitute 'excusable' neglect, it is clear that 'excusable neglect' under Rule 6(b) is a somewhat 'elastic concept' and is not limited strictly to omissions caused by circumstances beyond the control of the movant." *Id.* at 392. Further, "[a]s a practical matter, vacating entry of default

4

would serve little purpose without granting defendants leave to file an answer." *Haertle v. Brennan Inv. Grp., LLC*, No. 14-CV-1347, 2015 WL 12964670, at *2 (E.D. Wis. June 4, 2015).

Here, the delay was caused by ineffective service of process which is beyond Children's control. Further, upon learning of the suit, Children's immediately moved to vacate the default and request leave to file a responsive pleading. Thus, given Children's stated reasons for its failure to timely answer and the diligence it showed in pursuing this litigation once it received notice of Nicolai's lawsuit, I find that Children's failure to appear was excusable and will grant its motion for leave to file a responsive pleading.

## ORDER

**NOW, THEREFORE, IT IS HEREBY ORDERED** that the defendant's motion to set aside default and for leave to file a responsive pleading (Docket # 20) is **GRANTED**. The plaintiff's motions for default judgment (Docket # 16, 25) are **DENIED**.

**IT IS FURTHER ORDERED** that the clerk's office shall **VACATE** the July 28, 2022 entry of default.

**FINALLY, IT IS ORDERED** that the clerk's office shall set a Rule 16 Scheduling Conference to discuss further scheduling in this case.

Dated at Milwaukee, Wisconsin this 1st day of November, 2022.

BY THE COURT

_____
NANCY JOSEPH
United States Magistrate Judge